UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
(SOUTHERN DIVISION)

THE HUNTINGTON NATIONAL BANK,
successor to Fidelity Bank,
a national banking association,                              Case No. 13-13841
                                                             Hon. Victoria A. Roberts

      Plaintiff,

vs

JS & P, L.L.C., a Michigan limited liability company,
JAMES J. PRICE, an individual, FAST TRACK AUTO
SERVICE CENTER, L.L.C., a Michigan limited liability company,
LOYAL INVESTMENTS, INC., a Michigan corporation,
JAMES M. PRICE, an individual, FAST TRACK SELF
SERVE WASH, L.L.C., a Michigan limited liability company,
SRS, LLC, a Michigan limited liability company, and
SUSAN PRICE, jointly and severally,

      Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR APPOINTMENT OF RECEIVER (DOC. #13)**

Plaintiff, Huntington National Bank, successor to Fidelity Bank ("Plaintiff"), filed this action against Defendants, JS & P, L.L.C. ("JS&P") and Fast Track Auto Service Center, L.L.C. ("Fast Track," collectively with JS&P, "Defendants"), for breach of their obligations to Plaintiff under certain Loan Documents described below.

Before the Court is Plaintiff's Motion for Appointment of Receiver (Doc. # 13); Plaintiff seeks the appointment of a receiver over two Properties– described below – to secure Defendants' obligations.  Defendants did not respond to Plaintiff's motion.

JS&P is indebted to Plaintiff under a promissory note dated December 8, 2006, in the principal sum of $862,500.00 (the "JS&P Note").  Repayment of the JS&P Note, and all other indebtedness of JS&P to Plaintiff, is secured by, among other things, (i) the guaranty of Fast

Track dated June 10, 2005 (the "Fast Track JS&P Guaranty"), and (ii) a mortgage dated April 4, 2006, encumbering property commonly known as 35125 Utica Road, Clinton Township, Michigan, including all improvements thereon and income derived therefrom (the "JS&P Property"), which was recorded by the Macomb County Register of Deeds on June 16, 2006, in Liber 17930, Page 300 (the "JS&P Mortgage").

Fast Track is indebted to Plaintiff under a promissory note dated January 16, 2009, in the principal sum of $281,000.00 (the "Fast Track Note"). Repayment of the Fast Track Note, and all other indebtedness of Fast Track to Plaintiff, is secured by, among other things, (i) the guaranty of JS&P dated January 16, 2009 (the "JS&P Fast Track Guaranty"), and (ii) a mortgage dated January 16, 2009, encumbering real property commonly known as 15779 15 Mile Road, Clinton Township, Michigan, including all improvements thereon and income derived therefrom (the "Fast Track Property", and collectively with the JS&P Property, the "Properties"), which was recorded by the Macomb County Register of Deeds on January 20, 2009, in Liber 019624, Page 00159 (the "Fast Track Mortgage," collectively with the JS&P Mortgage, the "Mortgages").

Fast Track is further indebted to Plaintiff under a guaranty dated March 27, 2008 (the "Fast Track SRS Guaranty," collectively with the Fast Track JS&P Guaranty and the JS&P Fast Track Guaranty, the "Guaranties"), promising to repay the indebtedness of Defendant, SRS, LLC, to Plaintiff under a promissory note of even date, in the principal sum of $247,878.82, as amended on January 16, 2009 (collectively, the "SRS Note," and together with the JS&P Note and the Fast Track Note, the "Notes").

Upon review of Plaintiff's Motion for Appointment of Receiver, the Court finds that the appointment of a receiver over the Properties, and the income derived therefrom, is appropriate

and consistent with the rights afforded to Plaintiff in the Notes, the Guaranties and the Mortgages (collectively, the "Loan Documents").

**IT IS ORDERED:**

1.     **Appointment of Receiver.**  Basil Simon, whose address is 422 W. Congress, Suite 400, Detroit, Michigan 48226 (the "Receiver"), is appointed as receiver for the Properties and all related payments, leases, rents, books and records, deposits, bank accounts and other property, tangible or intangible, that is used or usable (collectively, the "Receivership Property").

2.     **Possession and Control of Receivership Property.**  The Receiver is authorized to immediately take possession and control of the Receivership Property, and to manage, recommend and consummate the sale of all or any portion of same (subject to the approval of the Court), as the Receiver deems appropriate, and to otherwise exercise the powers and duties set forth in this Order.  The Receiver is authorized to remove any principal, member, general partner, limited partner, manager, officer, employee, representative or agent of Defendants from control and/or management of the affairs of the Receivership Property.

3.     **Actions in Furtherance of Possession and Control.**  The Receiver is authorized to take any reasonable actions which the Receiver deems necessary or appropriate to take possession of, to exercise full control over, to prevent waste and to otherwise preserve, manage, maintain, secure and safeguard the Receivership Property.

4.     **Surrender of Receivership Property.**  Defendants and their members, managers, employees and agents are directed to surrender all of the following relating to the Receivership Property to the Receiver, to the extent that they are in their possession, custody and control:

>     a.     All keys and access codes necessary for the Receiver to obtain possession of and to manage the Receivership Property, as provided in this Order.

    b.    All documents and records useful in maintenance of the Properties, including but not limited to, as applicable, building permits, plumbing and HVAC drawings, soil borings reports, surveys, environmental reports, architectural or design diagrams and building specifications.

    c.    All work in process, materials, supplies, "punch lists" and other pending work orders with respect to construction at the Properties, if any.

    d.    All construction contracts and subcontracts for construction on the Properties, if any.

    e.    All bids for contractor work, if any.

    f.    All agreements with brokers or other commission agreements pertaining to sales or leases of the Receivership Property, or any portion thereof.

    g.    All leases and other executory contracts, including all amendments, pertaining to the Receivership Property, or any portion thereof.

    h.    All documents, books, records, computer files and records concerning the finances, rents, operation and management of the Receivership Property.

    i.    A list of all accounts receivable and accounts payable, and all details regarding same.

    j.    All documents identifying pending litigation.

    k.    All utility agreements.

    l.    Such other records pertaining to the Receivership Property as may be reasonably requested by the Receiver.

    m.    All cash and deposits owned by or in the possession of Defendants, or their members, managers, employees and agents, pertaining to the Receivership Property.

    n.    All documentation pertaining to contracts entered into by Defendants relating to its business operations and to the Receivership Property.

5.    **Powers and Duties of Receiver.**  The Receiver is vested with and must discharge the following authority, powers and duties:

    a.    The maintenance, securing, management, operation, leasing (upon terms acceptable to Plaintiff) and preservation of the Receivership Property.

    b.    The assumption of control over the Receivership Property, including all related deposits, security deposits, and other cash collateral.

    c.    The maintenance of one or more separate accounts, in the Receiver's own name, as Receiver for the Receivership Property, from which the Receiver must disburse all authorized payments, as provided in this Order.

    d.    The preparation and maintenance of books, records and financial reports of the Receivership Property, including but not limited to operating and income statements, balance sheets, and all other statements prepared for the Receivership Property, and provide copies of same to the parties to this action, through their counsel.

    e.    The purchase of such insurance as the Receiver deems appropriate for the preservation and protection of the Receivership Property, naming the Receiver and Plaintiff as additional insureds, or as necessary to protect their interests.

    f.    The receipt and endorsement of checks pertaining to the Receivership Property, either in the name of the Receiver or in the name of Defendants, as applicable.

    g.    The payment of all real estate and personal property taxes, and any other taxes or assessments against the Receivership Property, during the period of the receivership.

    h.    Taking such action, including the filing of one or more lawsuits as the Receiver deems necessary and appropriate, in the Receiver's discretion, for the collection of any outstanding accounts receivable or other monies owed to Defendants.

    i.    The investigation of any fraudulent or otherwise improper transfers or conveyances of the assets of Defendants as the Receiver deems necessary and appropriate, and, if necessary, the prosecution of any action to set such transaction(s) aside.

    j.    Prevent the withdrawal or misapplication of funds.

    k.    Issue such subpoenas as deemed necessary to allow the Receiver to fulfill the duties set forth in this Order.

Notwithstanding anything to the contrary contained in this Order, the Receiver does not have the authority to file petitions for relief under the Bankruptcy Code for Defendants.

6. **Access to Books and Records.** The Receiver must permit Plaintiff and its agents and counsel access to the Receivership Property at all reasonable times, to inspect the Receivership Property and the books and records of Defendants.

7. **Employment of Third Parties.** The Receiver is authorized, but not required, to employ such attorneys, accountants, appraisers, agents and others, as the deems appropriate – all without recourse against the Receiver.

8. **Borrowing of Funds.** Subject to the approval of the Court, without affecting the rights of the parties relating to the underlying Note, the Receiver is authorized, but not required, to borrow funds for approved purposes, if necessary, upon terms and conditions agreeable to Plaintiff and the Receiver. Upon receipt of the approval of the Court, the Receiver is authorized to execute all promissory notes, loan agreements, receiver's certificates, and amendments as necessary to accomplish same.

9. **Exercise of Powers Available Under Applicable Law.** Without limiting or expanding the foregoing, the Receiver is authorized to exercise all powers generally available under federal law or the laws of the State of Michigan, which may be incidental to the powers described in this Order, and to act on behalf of and in the name of Defendants, as the Receiver deems appropriate.

10. **Further Instructions.** The Receiver has the right to apply to the Court for further instructions and authorization during the pendency of this action.

11. **Protective Advances.** Subject to the order of the Court, all reasonable advances to the Receiver made by Plaintiff for the benefit of the Receivership Property, together with any other reasonable costs and expenses incurred by the Receiver pursuant to this Order, are deemed protective advances pursuant to the Notes, are secured by the Guaranties and Mortgages, and

have priority over all claims and liens of all others claiming an interest in any of the Receivership Property.

12. **No Transfer of Title.**  Nothing contained in this Order shall be construed to transfer title to any of the Receivership Property to the Receiver.

13. **Sale of Property.**  The Receiver is authorized to, on behalf and in the name of Defendants, expeditiously and diligently sell the Properties, with the approval of the Court, consistent with the provisions of 28 U.S.C. §2001(a), under the following conditions:

   a. The sales must be for cash or credit bid, unless otherwise authorized by the Court, for an amount subject to the approval of the Court.

   b. The sales approved by the Court must be free and clear of all mortgage interests, security interests and other liens, as applicable, which may be transferred to the net proceeds of sales.  No person or entity shall have any redemption rights with respect to any sales effectuated by the Receiver, and any sales are final upon entry of an order of the Court confirming same.

14. **Execution of Sale Related Documents.**  In connection with any sale of the Receivership Property approved by the Court, the Receiver is authorized, in the name of Defendants, to:

   a. Execute a deed of conveyance and bill of sale.

   b. Attend and consummate the closing at the offices of any title company acceptable to the Receiver and Plaintiff (the "<u>Title Company</u>").

   c. Approve, with Plaintiff, closing statements with respect to any sale of the Properties, including all costs of closing, sales commissions, and other adjustments to the purchase price.

   d. Obtain all mortgage and construction lien waivers, quit claim deeds, and such other documents as are reasonably requested by the Title Company or the Receiver to effectuate the sale of the Properties, and to allow the issuance of the appropriate owner's policy of title insurance to the purchaser.

15.     **Disbursement of Net Sale Proceeds.**  The "net proceeds of sale" are the gross sale price of any Receivership Property, less closing costs, sales commissions, and other adjustments approved by the Court.  Disbursement of the net proceeds of sale must be approved by the Court.

16.     **Lien Priorities.**  The rights and priorities of Plaintiff and any other parties with respect to the Receivership Property must be determined in accordance with applicable federal law or Michigan law, without regard to the provisions of this Order.

17.     **No Waiver of Claims and Defenses.**  Nothing contained in this Order enlarges or restricts the claims and defenses of Plaintiff or other parties claiming interests with respect to the Receivership Property.

18.     **Compensation of Receiver and Agents.**  The Receiver, and all persons employed by the Receiver, must be compensated at their normal rates, with invoices to be issued and copies furnished to the parties to this action, through their respective counsel, on a monthly basis.  The Receiver's general office administration, accounting and overhead must not be charged against the income generated by the Receivership Property.  The Receiver and his counsel may receive payment on a monthly basis, without further Court order, provided no objections are filed with the Receiver or his counsel, as the case may be, within seven (7) days after such invoices are mailed to the parties to this action, through their respective counsel.  In the event any objections are timely filed, the Receiver or any other party may file a motion with the Court to determine the propriety of the fees sought or of the objection(s).  The Receiver must be reimbursed for any reasonable out-of-pocket expenses incurred during the period of the receivership concerning the obligations and duties set forth in this Order. The compensation paid to Receiver and Receiver's professionals must be paid first from the income generated from the

Receivership Property and, next, by Plaintiff, but only to the extent that the income from the Receivership Property is insufficient to pay the compensation of the Receiver and professionals.

19. **Receiver's Reports.** The Receiver must furnish to the Court and to all parties, through their respective counsel, monthly reports and statements accounting for all receipts and disbursements. The reports served upon counsel must be submitted to the Court for its review *in camera,* and must not be filed with the Clerk of the Court.

20. **Receiver's Bond.** Within fifteen (15) days of entry of this Order, the Receiver must post a surety bond in an amount of $10,000.00. The cost of the bond shall be an expense of the receivership, for which the Receiver must be reimbursed in accordance with the terms of this Order.

21. **Lawsuits Against Receiver.** No person or entity may file suit against the Receiver, or take other action against the Receiver, without an order of the Court permitting the suit or action. Notwithstanding the foregoing, nothing in this Order serves to stay or otherwise enjoin any pending action to enforce lien rights, including but not limited to the foreclosure of mortgages encumbering property owned by Defendants.

22. **Pre-Receivership Liabilities.** Plaintiff, the Receiver and the Receiver's agents are not liable for any claim, obligation, liability, action, cause of action, cost or expense of Defendants, their business operations, or the Receivership Property arising out of or relating to events or circumstances occurring prior to the entry of this Order, including without limitation, any contingent or unliquidated obligations and any liability from the performance of services rendered by third parties on behalf of Defendants, and any liability to which Defendants currently or may ultimately be exposed under any applicable laws pertaining to the ownership, use or operation of the Receivership Property and their business operations (collectively all of

9

the foregoing is referred to as "Pre-Receivership Liabilities"). Plaintiff, the Receiver, and the Receiver's agents are not obligated to advance any funds to pay any Pre-Receivership Liabilities. Notwithstanding the foregoing, with the prior written consent of Plaintiff (but not otherwise), the Receiver may fund Pre-Receivership Liabilities from funds collected from the operation of the Receivership Property.

23. **Stay of Actions.** Except by leave of this Court and except with respect to the right of Plaintiff to foreclose the Mortgages or to otherwise take any enforcement action against the Receivership Property during the pendency of the receivership, Defendants and all other persons, creditors and entities, are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of Defendants, the Receiver, the Receivership Property, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

    a.    Commencing, prosecuting, litigating or enforcing suit, except that the actions may be filed to toll any applicable statute of limitations;

    b.    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Defendants that relates in any way to the Receivership Property, or attempting to foreclose, forfeit, alter or terminate the interests of Defendants in the Receivership Property, whether such acts are part of a judicial proceeding or otherwise;

    c.    Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon the Receivership Property; and,

        d.        Doing any act or thing to interfere with the Receiver taking control, possession or management of the Receivership Property, or to in any way interfere with the Receiver or the duties of the Receiver or his agents; or to interfere with the exclusive jurisdiction of this Court over the Receivership Property.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

      24.    **No Personal Liability of Receiver.**  The Receiver and his employees, agents and attorneys have no personal liability in connection with any obligations, liens or amounts owed to Defendants resulting from the performance of their duties pursuant to this Order, it being understood that the rights of each such creditor will be determined in accordance with applicable law.

      25.    **Breaches by Receiver.**  The Receiver and his employees, agents and attorneys have no personal liability, and they shall have no claim asserted against them relating to the Receiver's duties under this Order, except for those arising from intentional tortious acts, breaches of fiduciary duties, acts committed in bad faith, gross negligence, gross or willful misconduct, malicious acts, or the failure to comply with this Order or any other order of the Court.

      26.    **Interference with Receiver's Duties.**  The parties to this action, those in active participation or concert with them who receive notice of this Order, and those having claims against the Receivership Property who receive notice of this Order, are enjoined from interfering with the Receiver's actions in furtherance of performing the duties and carrying out the responsibilities outlined in this Order.

      27.    **Receiver as Fiduciary.**  The Receiver must faithfully discharge all of the duties outlined in this Order, and must obey all other orders of the Court.  The Receiver is deemed a

fiduciary for the benefit of all persons having or claiming an interest in the Receivership Property, and must exercise the office accordingly.

28.  **Commercial Reasonableness.**  The Receiver's actions at all times must be commercially reasonable, and the Receiver is subject to the personal jurisdiction of this Court.

29.  **Acceptance of Appointment as Receiver.**  The Receiver's duty to act in that capacity is subject to the written acceptance and approval of the terms of this Order.  Upon acceptance, the Receiver is bound by the terms of this Order, and all obligations imposed hereby.

30.  **Duration of Receivership.**  This receivership will continue until the earlier of: (i) the sale of all Receivership Property; or, (ii) further order of the Court.

31.  **Discharge of Bond.**  The termination of the receivership will not discharge the Receiver or the Receiver's bond.

32.  **Resignation of Receiver.**  In the discretion of the Receiver, the Receiver may notify the Court and the parties that the receivership is no longer practical.  Upon such event, the Receiver's duties terminate thirty (30) days after filing the notice with the Court, followed by an order of the Court terminating the receivership.

33.  **Removal of Receiver.**  The Receiver may be removed either: (i) thirty (30) days after the filing of a written demand for removal signed by Plaintiff's counsel, and filed with the Court; or, (ii) in the Court's equitable discretion, upon a motion for cause.  If the Receiver is removed, a successor receiver may be appointed by a stipulated order on behalf of the parties to this action.  If the parties to this action are unable to agree on a successor receiver, the Court may appoint a successor receiver, after a motion is filed by any party to this action requesting the appointment of same.

34. **Final Accounting.** Within thirty (30) days after the termination of the receivership for any reason, the Receiver must submit a final accounting for approval by the Court, with copies to be furnished to the parties to this action.

35. **Court Approval of Final Accounting.** Upon the Court's approval of the Receiver's final accounting, the Receiver will be discharged, and the Receiver's bond must be canceled.

36. **Tax Returns.** The Receiver and the professionals employed by the Receiver are not responsible or required to, and must not, prepare or file tax returns in connection with the Receivership Property or Defendants, or otherwise wind down the business affairs of the Receivership Property or of Defendants.

37. **Lien Enforcement and Foreclosure Rights.** Nothing in this Order affects the rights of parties who have been granted mortgages or other liens upon property owned by Defendants, including the right to commence or continue foreclosure proceedings, either judicially or by advertisement. No further order of the Court is necessary for a mortgagee or lien claimant to commence a foreclosure, either judicially or by advertisement.

38. **Amendment of Order.** This Order may be amended for cause, either upon the stipulation of the Receiver and the parties, or for cause, after a motion and hearing. No amendment to this Order affects the rights of persons or entities who are able to demonstrate that they relied upon the pre-existing terms of this Order to their detriment.

39. **No Prejudice.** This Order does not prejudice the rights of any party to any claim, right or defense which they may have to Plaintiff's claims set forth in the complaint.

40. **Environmental Compliance.** The Court finds that Plaintiff, in seeking the appointment of the Receiver, is engaged in a "workout activity," as that term is defined in

M.C.L. § 324.20101a(3), and its actions in seeking the appointment of a Receiver are intended to protect the value and marketability of the Properties, which is its collateral for repayment of the debts described. The Court further finds that Plaintiff's actions in seeking the appointment of the Receiver, do not constitute participation in management, as that term is defined in 42 U.S.C. § 9601(a)(20).

41.     **Utilities.**  Any utility provider receiving notice of this Order must establish and provide utility service to the Properties, in the name of the Receiver.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 21, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 21, 2014.
>
> s/Linda Vertriest
> Deputy Clerk

## ACCEPTANCE OF RECEIVERSHIP

The duties of the Receiver, as set forth in the foregoing Order, are accepted and agreed to.

_____
Receiver

Dated:

**Approved as to form:**

PLUNKETT COONEY

_____
By: Douglas C. Bernstein (P33833)
Patrick C. Lannen (P73031)
Attorneys for Plaintiff


_____
By: _____
Attorneys for Defendants


Open.22387.23115.13349931-1