UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Huntington National Bank,
Successor to Fidelity Bank,
a national banking association,

        Plaintiff,

vs.

JS & P, L.L.C., a Michigan limited liability
Company, JAMES J. PRICE, an individual,
FAST TRACK AUTO SERVICE CENTER, L.L.C.,
a Michigan limited liability company, LOYAL
INVESTMENTS, INC., a Michigan corporation,
JAMES M. PRICE, an individual, FAST TRACK
SELF SERVE WASH, L.L.C., a Michigan limited
liability company, SRS, L.L.C., a Michigan
limited liability company, and SUSAN PRICE,
jointly and severally,

        Defendants.

Case No. 2:13-cv-13841
Honorable Victoria A. Roberts

_____/

**ORDER DENYING RECEIVER'S MOTION FOR AN ORDER AUTHORIZING
SALE OF REAL AND PERSONAL PROPERTY LOCATED AT 15779 15 MILE ROAD,
CLINTON TOWNSHIP, MICHIGAN AND 35125 UTICA ROAD, CLINTON TOWNSHIP,
MICHIGAN FREE AND CLEAR OF ALL LIENS, CLAIMS & ENCUMBRANCES**

This matter is before the Court on motion by Basil T. Simon, Receiver ("Receiver"), requesting an order authorizing the private sale of real and personal property located at 15779 15 Mile Road, Clinton Township, Michigan and 35125 Utica Road, Clinton Township, Michigan (jointly referred to as "Property") for a sum of $425,000 (the "Purchase Price"). The Property appraised for $780,000. The Receiver

1

also requests that the Court waive the statutory requirement of three appraisals.  This motion is **DENIED**.

The sale of realty is governed by 28 U.S.C. §2001(b). It says:

> (b) After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

The Receiver does not fully address the requirements of the statute.  In support of his motion, the Receiver says he found a purchaser who has offered to buy the Property for $425,000.  The Receiver also says that he obtained one appraisal of the Property which values it at $780,000.  The Receiver says there is no benefit to the estate or to creditors of three appraisals, and that the pending offer is the highest and best offer received to date.  The Receiver says that 28 U.S.C. §2001(b) specifically allows the Court to order the sale of the Property by the Receiver at a private sale "upon such terms and conditions as the Court approves, if it finds that the best interests of the estate will be conserved thereby."  Prairie Lakeside, LLC ("Prairie"), a creditor of Defendant JS&P, objects to the Receiver's Motion and says the appraisal is dated August 14, 2012 and does not reflect current market values.  Furthermore, Prairie says

the Court should not waive §2001(b)'s requirement to obtain three appraisals. Prairie says that these appraisals should be dated within the past 90 days but does not cite to any supporting authority for the 90 day requirement. Prairie also says the proposed sale price is too low, and falls below the statutory minimum of two-thirds of the appraised value. Neither party addresses the statutory notice requirement.

The permissive language of §2001(b) upon which the Receiver relies is limited by the mandatory language of the statute. The beginning of the section contains discretionary language, allowing courts to order the sale of realty "upon such terms and conditions as the court approves" as long as the sale is in the best interests of the estate. However, the statute then says "[b]efore confirmation of any private sale" the court "shall appoint" three appraisers and "[n]o private sale shall be confirmed at a price less than two-thirds of the appraised value." 28 U.S.C. §2001(b). The permissive language allowing the Court discretion to determine what is in the best interests of the estate is therefore limited by the minimum standards delineated by Congress of what satisfies the best interest standard. *S.E.C. v. T-Bar Res., LLC*, No. 3:07CV1994-B, 2008 WL 4790987 (N.D. Tex. Oct. 28, 2008). These standards cannot be waived by this Court.

Additionally, before confirming a sale, the Court must direct that the terms of the sale be published in a newspaper of general circulation at least ten days before confirmation of the sale. 28 U.S.C. §2001(b). Lastly, the sale shall not be confirmed if another bona fide offer is made which guarantees "at least a 10 per centum increase" over the price offered. *PNC Bank, N.A. v. Gator Piqua Partners, LLLP*, No. 3:12-CV-369, 2013 WL 6383080 (S.D. Ohio Dec. 5, 2013) (approving private sale pursuant to

§2001(b) unless another party makes a bona fide offer, when three appraisals have been obtained, purchase offer meets the statutory requirement of being at least two-thirds the appraised value, and receiver is directed to publish the terms of the sale in a newspaper of general circulation at least ten days before the confirmation hearing).

The Court does not have discretion to waive the requirements of §2001(b), contrary to the argument that is inherent in the Receiver's position. *U.S. S.E.C. v. Wilson*, No. 12-CV-15062, 2013 WL 1283437 (E.D. Mich. Mar. 28, 2013). The purpose of the safeguards in 2001(b) is to prevent "the opportunity for frauds in private sales." *Acadia Land Co v. Horuff*, 110 F.2d 354, 354-355 (5th Cir.1940) (holding that this purpose cannot be effected if non-compliance with these requirements is permitted and therefore each requirement is a condition precedent to a valid sale).

A relatively recent case did find that the requirements of §2001(b) could be waived but it is distinguishable on several grounds. In *Huntington Nat'l Bank v. Big Sky Dev. Flint, LLC*, No. 10-10346, 2010 WL 3702361 (E.D. Mich. Sept. 16, 2010), the receiver and plaintiff Huntington National Bank ("Huntington"), submitted a motion requesting the approval of a private sale of property after Defendant Big Sky ("Big Sky") defaulted on its loans to Huntington. Under the loan agreements, Big Sky consented to the appointment of a receiver in the event of default. The receivership order contained broad language granting the receiver the authority to sell the property and providing that the receiver has "the fullest powers and duties of a receiver permitted under applicable law and equity" including the power to "negotiate and execute sales." *Id*. at *6-7. Cohen, (a member of Blue Sky with an ownership interest) intervened to contest the receivership. *Id*. at *1. Cohen argued that the proposed sale should be set aside for

4

failure to conform with 2001(b).  However, after arguing non-compliance, Cohen then conceded that 28 U.S.C. § 2001 is inapplicable because these requirements were waived as part of the receivership order, to which Big Sky stipulated.  Cohen argued that the court should not approve the sale because it is not in the best interest of the estate.  *Id.* at *7.  The court found Cohen's arguments to be without merit and granted the motion to approve and confirm the sale.  *Id.*

This Court does not reach the question of whether the requirements of §2001(b) can ever be waived by a receivership order because it finds that the particular receivership order here is silent regarding §2001(b).  The Order Granting Plaintiff's Motion for Appointment of Receiver (Doc. #13) section 13 titled "Sale of Property" provides in part that:

> The receiver is authorized to, on behalf and in the name of Defendants, expeditiously and diligently sell the Properties, with the approval of the Court, consistent with the provisions of 28 U.S.C. §2001(a).

28 U.S.C. §2001(a) governs the sale of property at a public sale, which is not at issue in the motion before the Court.  The agreement gives the receiver the power to sell the properties, but it is conditioned on the approval of the Court.  Unlike *Huntington Nat'l Bank v. Big Sky Dev. Flint, LLC*, Prairie Lakeside has not conceded that the requirements of §2001(b) are waived.  The Court finds that the plain meaning of the statute requires adherence to its express terms.

The private sale of the Property cannot be confirmed because the receiver has obtained only one appraisal of the Property.  Additionally, the proposed purchase price of $425,000 falls below the statutory requirement that the price be no less than two-thirds of the appraised market value of $780,000.  Furthermore, the parties have not

provided information regarding compliance with the other provisions of §2001(b) such as a hearing and publication. The Court will not confirm the sale unless the Receiver demonstrates compliance with §2001(b).

The parties have until **September 10, 2014**, to provide a list to the Court of agreed upon appraisers. The Receiver's motion for an order authorizing the private sale of the Property is **DENIED**.

  **IT IS ORDERED**.

              S/Victoria A. Roberts
              Victoria A. Roberts
              United States District Judge

Dated: September 4, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 4, 2014.
>
> s/Linda Vertriest
> Deputy Clerk